# United States Court of Appeals for the Fifth Circuit

---

No. 22-10826
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

REYNALDO MENDOZA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:21-CR-58-9

---

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Reynaldo Mendoza appeals from the 135-month imprisonment sentence imposed following his guilty plea conviction for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. He argues that, pursuant to U.S.S.G. § 5G1.3(b)(2), the district court should have imposed his instant sentence to run concurrently

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

with the undischarged terms of imprisonment for his three state offenses because those state offenses constituted relevant conduct.

We review a district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). What constitutes relevant conduct is a factual question subject to clear error review. *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted).

Pursuant to U.S.S.G. § 5G1.3(c), if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(b)(2). Mendoza's appellate argument specifically relies on U.S.S.G. § 1B1.3(a)(2), which defines relevant conduct as "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction." Because Mendoza does not argue that the state offenses qualify as part of a common scheme or plan, he has abandoned that issue. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

The Government argues that Mendoza's three state offenses could not be considered relevant conduct because they consisted of burglary and robbery offenses, which are non-groupable offenses for purposes of § 3D1.2(d). We need not address that argument because our review of "the

No. 22-10826

degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses" shows that the district court did not clearly err in finding that Mendoza's state offenses were not part of the same course of conduct as his federal offense of conviction. § 1B1.3, comment. (n.5(B)(ii)).    Accordingly, § 5G1.3(b)(2) was not applicable to Mendoza's sentence.

The judgment of the district court is AFFIRMED.